By the Court.
Mason, J.
I. As to the defendant’s motion for a new trial, it is unnecessary to decide whether the defendant’s letter of the 6th February, 1816, had been sufficiently proved, when the motion for a nonsuit was made, as all doubt on that subject was afterwards removed by the testimony of Mrs. Gardner.
The object of the defendant in writing the letter was to enable Mr. Gardner to hire the house on the faith of his promise to become security for tbe rent. Although, therefore, it was not directed to the plaintiff, but to Mrs. Gardner, yet its object could not be accomplished, unless it was shown to him. She was justified, then, in showing the letter to the plaintiff, and when in reliance upon it be let tbe bouse, the promise contained in it enured to his benefit.
There was.also a sufficient consideration expressed on its face. After adverting in it to what Mrs. Gardner had previously written, to wit, that she could have the house for $1000 a year, if she could get security, the defendant says, “You can, therefore, say that I will become security for Mr. Gardner,” &c. It was a promise to become security, on condition that the plaintiff would let the house for that rent. The letting was in terms the consideration for the promise, which became binding on the defendant as soon as the plaintiff, in reliance upon it, let the house.
*219 Whether the plaintiff did in fact let the house on the faith of the defendant’s promise, and whether the house answered the description in the letter, were points on which there was sufficient evidence to go to the jury.
The principal question in the cause is, whether the defendant was subsequently discharged from his promise by the plaintiff insisting upon the defendant’s guaranteeing him against damage to the furniture as well as for the rent. The defendant clearly was not bound to enter into any such covenant with regard to the furniture. He had agreed to be responsible for the rent to the extent of $1000 per year, and nothing more. The plaintiff had acted on that agreement, and on the faith of it, as the jury ha've found, delivered possession of the premises to Gardner, and we are not aware of any principle of law by which the defendant could be absolved from an agreement thus made by him, and acted upon by the plaintiff, merely because the plaintiff wished him to add to his responsibility. The contract which he actually made was not, and in our judgment, could not be annulled or discharged, solely on the ground that the plaintiff asked for something more. If the defendant’s letter had not’ been acted upon by the plaintiff, and he had insisted on the indemnity respecting the furniture previous to delivering possession of the house, the defendant probably would not have been bound. The plaintiff’s conduct, in that case, might have been evidence that the minds of the parties had not met as to the terms of the security, and that there was no valid agreement between them. Or if it had appeared that the plaintiff had not agreed to strike out the clause respecting the furniture until after Gardner had made default in payment of the rent, his delay and neglect might have been evidence to show, that on the defendant’s refusal to sign the paper as presented, the plaintiff had concluded to waive his security for the rent, and the defendant would in such case have been discharged. But the facts are otherwise. The plaintiff let the house on the faith of the defendant’s engagement to become security for the rent, and he agreed to strike out the objectionable clause, before any default had occurred on the part of Gardner. We think that the *220 defendant, under these circumstances, was bound to sign the covenant of suretyship if drawn in conformity with the promise contained in the letter, and that upon his refusal to sign, when the plaintiff offered to make it so conform, he was liable in this action for all damages which the plaintiff had sustained by reason of such refusal.
The jury have found that the house answered the description contained in the defendant’s letter, and that it was let to Gardner and possession delivered, on the faith of that letter, •and we see no reason to disturb the finding.
The defendant’s motion for a new trial must therefore be denied.
II. Next, as to the plaintiff’s bill of exceptions, in the suit first commenced, and which was the last tried.
We have just decided’in the other suit between these parties, brought on the same letter which is the foundation of the present suit, that the offer contained in the letter to become security for the rent, having been accepted and acted upon by the plaintiff, was obligatory on the defendant, and that the plaintiff was entitled to recover all such damages as he had sustained by reason of the defendant’s refusal to comply with his agreement. The contract was in its nature entire. It was not a contract to pay the rent, as from time to time it should become due, but to execute an obligation to that effect,’ and the suit just decided was maintainable only on the ground of the defendant’s refusal to execute such an obligation, and not on the ground of non-payment of the rent. The two causes of action are entirely distinct, and they were so treated by the pleader in the former suit as well as in this, the declaration in both containing counts suited to each aspect of the case. The contract being entire, the remedy for its breach is also entire, and the recovery therefore in the former suit, is a bar to a recovery in this. Eor this reason, without entering into a discussion of the other grounds taken by the judge, we think the nonsuit was properly granted, and the motion to set it aside must therefore be denied.